AUGUSTUS H. CORSON *vs.* MAINE CENTRAL RAILROAD COMPANY.

Kennebec.   Opinion June 3, 1884.

*Railroads.   Negligence.   Fellow-servant.   Evidence.   New trial.*

In an action for personal injuries alleged to have been caused by the negligence of the employer in retaining the services of a fellow-servant who was careless, and whose carelessness caused the injury, a witness testified that he considered the fellow-servant slow and lazy, and not fit for the service, he was so slow, and witness had so informed the agent of the employer; and in answer to a question, if the fellow-servant was competent and careful in

the performance of his duties, witness testified: "Yes, he was always careful about his work." *Held*, that this evidence was not sufficient to establish the negligence of the employer.

The jury is not authorized to decide that a person is unfit to be employed as a brakeman on a railroad, on account of what they saw or supposed they saw, or could read in his face and manner while testifying before them as a witness, and determine from that, alone, that the railroad company was negligent in employing such a person.

On motion to set aside the verdict from the superior court.

This is an action on the case for injuries alleged to have been received by the plaintiff, while an employee of the defendant corporation. The jury returned a verdict for the plaintiff in the sum of four hundred dollars.

*H. M. Heath*, for the plaintiff.

*G. C. Vose*, and *Baker*, *Baker and Cornish*, for the defendant.

WALTON, J. The plaintiff, a brakeman on the Maine Central railroad, in attempting to couple an engine and tender to a train of freight cars, and in order to adjust the couplings, stepped between the buffer of the tender and the freight train, and the latter moved down upon him and jammed him against the buffer and injured him. For this injury he has recovered a verdict against the railroad company, upon the ground that it was caused by the carelessness of a fellow servant, who, being habitually careless and incompetent, and known to be such to the agent of the road who employed him, was not a fit person to be employed.

Assuming it to be settled law that a railroad corporation is liable for an injury to one of its servants, caused by the carelessness of a fellow servant, when the managing officers of the corporation have employed, or continued in the employment of the corporation, such fellow servant, knowing him to be habitually careless in the performance of his duty, and his carelessness is the direct and efficient cause of the injury; and assuming that in this case the plaintiff's injury was caused by the carelessness of his fellow servant, Arnold, we come to the inquiry on which the case turns; namely, is the evidence of Arnold's alleged habitual carelessness, and the knowledge of it by the

officers of the corporation, sufficient to justify and sustain a verdict for the plaintiff.

We think it is not. Arnold was employed as a brakeman. At the time of the accident he lacked but three or four months of being twenty-one years of age. He had then acted as a brakeman for a considerable portion of the time for more than a year. The report of his testimony indicates that he possessed at least an average amount of intelligence. So far as appears, up to the time of this accident, he had never been guilty of a careless act. One witness, (Joseph B. Chandler,) says he considered him slow and lazy, and that he had so informed Mr. Geo. A. Alden, the agent of the road by whom Arnold was employed; but this witness, as well as every other witness examined upon the point, testifies that he was competent and careful in the performance of his duty; that his only complaint to Alden was that he was slow and lazy; that he was not fit to be on the train he was so slow. Being asked if Arnold was competent and careful in the performance of his duties, the witness answered, "Yes, he was always careful about his work." And yet this is the only witness relied on by the plaintiff to prove Arnold's habitual carelessness, and the negligence of the defendant corporation in hiring such a man. Instead of sustaining the proposition, his testimony negatives it.

The plaintiff's counsel says that the jury saw Arnold and studied him; that upon his face and in his manner they could read carelessness; and he then asks if the court can say that the jury erred when the man is not and cannot be seen by the court.

To this we answer that if the jury undertook to decide that Arnold was an unfit person to be employed as a brakeman, on account of what they saw, or supposed they saw or could read in his face and manner while testifying before them as a witness, they did fall into a very grave error. As well might a jury find a man guilty of murder because in their opinion they could see guilt in his face. The law does not recognize physiognomy as an art or science sufficiently reliable to found a verdict upon,—not even against a railroad corporation. In a case like this, the law imposes upon the plaintiff the burden of proving that the

defendant corporation has been guilty of negligence in employing a man known to be unfit for the place which he is to fill; and we feel no hesitation in saying that this burden cannot be sustained by the man's looks and manner while testifying as a witness. In judging of his credibility as a witness, it is an advantage to see and hear him testify. But in judging of his fitness to act as a brakeman on a railroad train, the law requires something more than his appearance upon the witness stand.

We have thus far assumed that the plaintiff was injured by the carelessness of his fellow-servant, Arnold. But of this the evidence by no means satisfies us. It seems to us plain that the plaintiff's injury was the result of his own inconsiderateness, to call it by no harsher name; and that no act is proved to have been done by Arnold, which, under the circumstances, could be rightfully characterized as careless or wanting in ordinary care and prudence. The plaintiff voluntarily, and as it seems to us, unnecessarily and carelessly, placed himself in a position of great danger; and we think that this carelessness on his part was more than contributory—that it was the sole cause of his injury.

*Motion sustained. Verdict set aside.*
*New trial granted.*

PETERS, C. J., DANFORTH, VIRGIN and LIBBEY, JJ., concurred.